# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:**<br>ANTHONY W. TERRINONI,<br>a/k/a Anthony Terrinoni,<br>d/b/a Northeastern Investor Associates,<br>d/b/a Taylor Classic Wash & Lube | Chapter 7 |
| Debtor | Case Number: 5:12-bk-01012-JJT |
| GERI LYNN MARIE TERRINONI<br>f/k/a Geri Lynn Marie Barrett | Chapter 7 |
| Debtor | Case Number: 5:13-bk-04725-JJT |
| | Nature of Proceeding: Motions for Substantive Consolidation |

# OPINION

Michael G. Oleyar, Esquire, the Trustee in the bankruptcy estates of Anthony W. Terrinoni, 5:12-bk-01012-JJT and Geri Lynn Marie Terrinoni 5:13-bk-0475-JJT has filed Motions to substantively consolidate the above estates. While no written objections were filed, counsel for Anthony lodged an oral objection at the time of the hearing. Since there was no testimony proffered at the time of the hearing, it appears that the only unchallenged facts advanced were that Debtors were presently husband and wife with a divorce, including equitable distribution claims, pending at the time of their bankruptcy filing. Movant argues that the pending equitable distribution claim renders the Debtor's individual bankruptcy estates incapable of being separately administered. This is a conclusion that I cannot possibly make based only on the pendency of an equitable distribution claim and no other evidence. Since the Trustee did not testify or offer any record besides the state court divorce docket, I can make no

such finding.

What appears to motivate the Trustee's consolidation Motions is actually the difficult position the Trustee is placed in trying to maximize the distribution to the creditors of each estate, which necessarily seems to pit one estate against the other and render the Trustee mired in what appears to be a conflict of interest. While this is not an issue presently before me, suffice it to say that "[m]ere benefit to the administration of the case (for example, allowing a court to simplify a case by avoiding other issues or to make a postpetition accounting more convenient) is hardly a harm calling substantive consolidation into play." *In re Owens Corning,* 419 F.3d 195, 211 (3rd Cir. 2005). "[B]ecause substantive consolidation is extreme (it may affect profoundly creditors' rights and recoveries) and imprecise, this 'rough justice' remedy should be rare and, in any event, one of last resort after considering and rejecting other remedies (for example, the possibility of more precise remedies conferred by the Bankruptcy Code)." *In re Owens Corning*, 419 F.3d at 211.

The Movant has relied on *Genesis Health Ventures, Inc. v. Stapleton (In re Genesis Health Ventures, Inc.)*, 402 F.3d 416, 423 (3rd Cir. 2005) to argue that where the Debtors' estates "blurs separateness so significantly that . . . the debtors' assets are so scrambled that unscrambling them is cost, time and energy prohibitive . . ." substantive consolidation is appropriate. The record, however, does not support such an allegation. The simple fact is that the equitable distribution claim of one spouse is an interest that will possibly reduce one estate to the benefit of the other. While it is true that a dual administration will increase the expenses of liquidating separate estates, that fact, in and of itself, hardly justifies the rearrangement of legal boundaries, assets and liabilities that would result by substantive consolidation - a remedy that

should typically be used "sparingly." *Id*. at 423.

It is for these reasons that the Motions will be denied.

My Order will follow.

By the Court,

/s/ John J. Thomas

John J. Thomas, Bankruptcy Judge

(CMS)

Date: October 19, 2015